UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HUBERT COATS, | § | |
|    *Plaintiff*, | § § § | |
| v. | § § | No._____ |
| LEWIS FUNERAL HOME, INC.; JORDAN, GATSON & REEVES, INC. d/b/a LEWIS FUNERAL HOME, INC.; JAMES W. REEVES; and BILLY J. JORDAN, | § § § § § § | |
|    *Defendants*. | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Hubert Coats (referred to as "Plaintiff" or "Coats") to recover unpaid regular and overtime wages from Defendants Lewis Funeral Home, Inc., Jordan, Gatson & Reeves, Inc. d/b/a Lewis Funeral Home, Inc., James W. Reeves, and Billy J. Jordan (collectively referred to as "Defendants" or "Lewis Funeral Home"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Coats' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and

general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Lewis Funeral Home violated the FLSA by not paying Coats the entirety of his regular wages, requiring him to work at a rate below the minimum wage. 29 U.S.C. § 206(a)(1)(C).

4. Lewis Funeral Home violated the FLSA by employing Coats "for a workweek longer than forty hours [but refusing to compensate him] for [his] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

5. Lewis Funeral Home violated the FLSA by failing to maintain accurate time and pay records for Coats and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Marshall Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to Coats' claims occurred in the Marshall Division of the Eastern District of Texas.

### III.  Parties

8. Coats is an individual who resides in Harrison County, Texas and who was employed by Defendants during the last three years.

9. Lewis Funeral Home, Inc. is a Texas corporation that may be served with process by serving its registered agent:

>Eddie Richardson
>508 East Bowie Street
>Marshall, Texas 75670

Alternatively, if the registered agent of Lewis Funeral Home, Inc. cannot with reasonable diligence be found at the company's registered office, Lewis Funeral Street, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Jordan, Gatson & Reeves, Inc. d/b/a Lewis Funeral Home, Inc. is a Texas corporation that may be served with process by serving its registered agent:

>Ruth Doris Gatson
>508 E. Bowie Street
>Marshall, Texas 75670

Alternatively, if the registered agent of Jordan, Gatson & Reeves, Inc. d/b/a Lewis Funeral Home, Inc. cannot with reasonable diligence be found at the company's registered office, Jordan, Gatson & Reeves, Inc. d/b/a Lewis Funeral Street, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. James W. Reeves ("Reeves") is an individual who may be served with process at:

> James W. Reeves
> 508 East Bowie Street
> Marshall, Texas 75670

or wherever he may be found. Reeves may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

12. Billy J. Jordan ("Jordan") is an individual who may be served with process at:

> Billy J. Jordan
> 508 East Bowie Street
> Marshall, Texas 75670

or wherever he may be found. Jordan may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

13. Whenever it is alleged that Defendants committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of

Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11. Lewis Funeral Home provides funeral, burial, and cremation services in Marshall, Texas; it does business in the territorial jurisdiction of this Court.

12. Lewis Funeral Home employed Coats as a funeral services assistant from approximately 1995 to June 2019.

13. Coats' primary duties were nonexempt.

14. As a funeral services assistant, Coats' principal duties were to assist with the funeral services and pick up bodies.

15. Coats' primary duties did not include office or nonmanual work.

16. Coats' primary duties were not related to the management or general business operations of Lewis Funeral Home.

17. Coats' duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

18. Coats did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

19. Coats did not have the discretion or authority to make any decisions with respect to matters of significance.

20. Instead, Coats was required to follow the policies, practices and procedures set by Lewis Funeral Home.

21. Coats did not have any independent authority to deviate from these policies, practices, and procedures.

22. During Coats' employment with Lewis Funeral Home, he was engaged in commerce or the production of goods for commerce.

23. During Coats' employment with Lewis Funeral Home, the company had employees engaged in commerce or in the production of goods for commerce.

24. During Coats' employment with Lewis Funeral Home, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25. During Coats' employment with Lewis Funeral Home, the company had an annual gross volume of sales made or business done of at least $500,000.

26. Lewis Funeral Home paid Coats on a salary basis.

27. During Coats' employment with Lewis Funeral Home, he regularly worked in excess of forty hours per week.

28. Lewis Funeral Home knew or reasonably should have known that Coats worked in excess of forty hours per week.

29. Lewis Funeral Home did not pay Coats overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, Lewis Funeral Home paid Coats a fixed sum of money regardless of the number of hours he worked in a workweek.

31. In other words, Lewis Funeral Home paid Coats overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

32. Lewis Funeral Home knew or reasonably should have known that Coats was not exempt from the overtime provisions of the FLSA.

33. Additionally, within the last two years, Lewis Funeral Home failed to pay Coats at all for several weeks of work, requiring Coats to work off-the-clock.

34. The off-the-clock work caused Coats' regular rate to fall below the minimum wage in violation of 29. U.S.C. § 206(a)(1).

35. Lewis Funeral Home failed to maintain accurate time and pay records for Coats as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

36. Lewis Funeral Home knew or showed a reckless disregard for whether its pay practices violated the FLSA.

37. Lewis Funeral Home is liable to Coats for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure To Pay the Minimum Wage in Violation of 29 U.S.C. § 207(a)

38. Coats adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

39. During Coats' employment with Lewis Funeral Home, he was a nonexempt employee.

40. As a nonexempt employee, Lewis Funeral Home was legally obligated to pay Coats at the minimum wage. 29 U.S.C. § 206(a)(1).

41. Specifically, Lewis Funeral Home has failed to pay Coats at all for several weeks of work within the last two years.

### VI. Count Two—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

42. Coats adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

43. During Coats' employment with Lewis Funeral Home, he was a nonexempt employee.

44. As a nonexempt employee, Lewis Funeral Home was legally obligated to pay Coats "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

45. Lewis Funeral Home did not pay Coats overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

46. Instead, Lewis Funeral Home paid Coats a fixed sum of money regardless of the number of hours he worked in a workweek.

47. In other words, Lewis Funeral Home paid Coats overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

48. If Lewis Funeral Home classified Coats as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

49. Lewis Funeral Home knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Lewis Funeral Home willfully violated the overtime requirements of the FLSA.

## VII. Count Three—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

50. Coats adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

51. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

52. In addition to the pay violations of the FLSA described above, Lewis Funeral Home also failed to keep proper time and pay records as required by the FLSA.

## VIII. Prayer

53. Coats prays for the following relief:

   a. judgment awarding Coats all unpaid regular and overtime compensation, liquidated damages, attorneys' fees and costs;

   b. prejudgment interest at the applicable rate; and

    c.  all such other and further relief to which Coats may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739